UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal File No. 21-178 (MJD/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM OF LAW AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
| WARREN DEAN, JR., | |
| Defendant. | |

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Warren Dean, Jr., pro se.[1]

## I.     INTRODUCTION

This matter is before the Court on Defendant's Motion for Compassionate Release, under 18 U.S.C. § 3582(c)(1)(A). (Doc. 60.) For the reasons addressed below, this motion is dismissed without prejudice.

## II.    BACKGROUND

In August 2021, Defendant was charged by indictment with four counts of Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951.

---

[1] The Office of the Federal Defender contacted Defendant and offered him assistance in this matter, but Defendant stated that he wished to rely on his own filings and asked the Federal Defender's Office not to file anything on his behalf. (Doc. 63.)

(Doc. 1.)  A few months later, Defendant pleaded guilty to one of the robbery counts. (Doc. 25.)  Defendant is currently committed to the custody of the Bureau of Prisons ("BOP") for a total of 110 months' imprisonment.  Defendant is currently serving his sentence at USP Florence and is set to be released in July 2029.  See BOP, Find an inmate, www.bop.gov/inmateloc (last accessed Oct. 30, 2025).  Defendant has been disciplined several times during his time in prison, including for assault and possession of a weapon.  (Gov. Ex. 1.)  Defendant currently seeks compassionate release.

## III.   DISCUSSION

Defendant cites the following grounds for his motion for compassionate release: to care for his thirteen-year-old daughter and "other remaining family members" (i.e., his elderly mother and a sister with addiction issues).  (Doc. 60.)

### A.   Legal Framework

The court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,

> reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section

> 3553(a) to the extent that they are applicable, if it finds that--(i) <u>extraordinary and compelling reasons</u> warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added). "Extraordinary and compelling reasons" include the "death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G. § 1B1.13(b)(3)(A).

### B. Exhaustion of Administrative Remedies

Before the Court will consider Defendant's claims, the claims must first be presented to the BOP. 18 U.S.C. § 3582(c)(1)(A); <u>United States v. Houck</u>, 2 F.4th 1082, 1084 (8th Cir. 2021).

Here, Defendant failed to exhaust his administrative remedies. He presents no evidence of exhaustion and the Government found none when it conducted an independent search. The administrative exhaustion requirement is a mandatory claim-processing rule. <u>Houck</u>, 2 F.4th at 1084. As a mandatory claim-processing rule, this requirement "must be enforced so long as the opposing party properly raises it." <u>Id.</u> The Government properly raised this issue. (Doc. 67 at 4.) Failure to exhaust administrative remedies prior to filing a

3

motion requires a district court to dismiss the motion without prejudice. Id. Thus, the Court will dismiss this motion without prejudice because the Defendant did not meet the exhaustion requirement.

## C. Compassionate Release

Even if the Court were to overlook the exhaustion requirement, it would still find that none of Defendant's reasons satisfy his burden to state "extraordinary and compelling" circumstances that comport with the statute. See United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022) (stating that "the inmate bears the burden to establish that compassionate release is warranted, and the district court is not required to investigate possible avenues for relief or to develop the record in support of a motion") (citation omitted).

Defendant first argues that his 13-year-old daughter is "vulnerable" to "a violent and negative gang environment" but has not met his burden to show his child's caregiver has died or become incapacitated, which is what is required under the Guidelines. See U.S.S.G. § 1B1.13(b)(3)(A). When the PSR was prepared, the child was "pending permanent placement with child protective services." (PSR ¶ 74.) The Defendant does not provide any updated information or documentation about his child requiring a caregiver or that her caregiver has

4

become incapacitated or died. Defendant also failed to provide any documentation regarding the child's care requirements or explain why other members of the family cannot assist.

Likewise, Defendant's vague references to "other remaining family members" needing his aid and support does not state a claim for compassionate release. Defendant failed to provide any documentation as to this being the case. Finally, Defendant originally stated that his mother was ill and needed his help, but at the end of his brief, he notified the Court that she had passed away. (Doc. 60 at 1, 4.) Thus, the Court must dismiss this motion on this basis.

### D.     18 U.S.C. § 3553(a) Factors

The Court also finds that early release would be contrary to the factors set forth in 18 U.S.C. § 3553(a). In this case, the Court mentioned the number of robberies, Defendant's threats to his victims, and the risk to the public Defendant created by leading the police on a 31-mile high-speed chase as bases for Defendant's sentence. (Doc. 54 at 4.) These concerns remain relevant. The Defendant's BOP disciplinary record also reflects multiple instances of significant misconduct during his incarceration. (Gov. Ex. 1.) The Court can only grant compassionate release to a movant who is "not a danger to the safety

of any other person in the community." U.S.S.G. § 1B1.13(a)(2). Thus, the need to afford deterrence to future criminal conduct, to reflect the seriousness of Defendant's offense, provide just punishment, and to protect the public weigh heavily against early release. Defendant's motion is also denied on this basis.

## IV.   ORDER

Based, upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Warren Dean's Motion for Compassionate Release **[Doc. 60]** is **DENIED without prejudice**; and

2. The Government's Motions to Seal and to File out of Time **[Docs. 68, 69]** are **GRANTED**.

Dated:  November 7, 2025              s/Michael J. Davis
                                      Michael J. Davis
                                      United States District Court